IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------x
                                                         )

In re                                                  )

MARVEL ENTERTAINMENT GROUP, INC. et al.,  )  Civil Action No. 97-638 (KAJ)
                                                  )
           Debtors.                         )
------------------------------------------------------------------x

## MOTION OF MAFCO LITIGATION TRUSTEES FOR AN ORDER APPROVING THE EXTENSION OF THE MAFCO LITIGATION TRUST

Ronald Cantor, Ivan Snyder and James A. Scarpone, as Trustees (the "Trustees") of the MAFCO Litigation Trust (the "Trust"), by and through their counsel Ashby & Geddes and Friedman Kaplan Seiler & Adelman LLP, hereby move this Court to enter an order pursuant to section 4.01 of the MAFCO Litigation Trust Agreement (the "Trust Agreement") approving the extension of the term of the Trust through October 1, 2008. In support of this motion, the Trustees respectfully represent as follows:

### Background

1.    On December 27, 1996, Marvel Entertainment Group, Inc., The Asher Candy Company, Fleer Corp., Frank H. Fleer Corp., Heroes World Distribution, Inc., Malibu Comics Entertainment, Inc., Marvel Characters, Inc., Marvel Direct Marketing, Inc., and Skybox International, Inc. (collectively, "Marvel") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.    As debtor in possession, Marvel commenced a lawsuit (the "Action") on October 30, 1997, asserting claims for breach of fiduciary duty against, *inter alia*, Ronald O. Perelman, Mafco Holdings, Inc., MacAndrews & Forbes Holdings,

Inc., Andrews Group Incorporated, William C. Bevins, and Donald G. Drapkin (the "MAFCO Defendants").  (*See* Civil Action No. 97-586 (KAJ), D.I. 1.)[1]

        3.      On July 31, 1998, this Court confirmed the Fourth Amended Joint Plan of Reorganization for Marvel (the "Plan"), and approved the creation of the Trust and the appointment of the Trustees to continue the prosecution of Marvel's claims against the MAFCO Defendants.  A copy of the Plan is attached as Exhibit 1; a copy of the Consent Order dated July 31, 1998 confirming the Plan (the "Confirmation Order") is attached as Exhibit 2.

        4.      On December 28, 1998, the Trustees filed an Amended Complaint (D.I. 107), and on September 14, 2001, the Trustees moved for leave to file a Second Amended Complaint (D.I. 149).  The Court (McKelvie, J.) granted the Trustees' motion on January 10, 2002 (D.I. 160), and on or about January 28, 2002, the MAFCO Defendants answered the Second Amended Complaint (D.I. 165).

        5.      After extensive proceedings before this Court, the parties filed cross motions for summary judgment on March 22, 2002.  On December 9, 2002, Magistrate Judge Thynge issued a report and recommendation (the "Report") to this Court that it deny the Trustees' motion, and grant in part and deny in part the MAFCO Defendants' motion.  (D.I. 384-85.)  The Trustees thereafter filed objections to Magistrate Judge Thynge's Report (D.I. 389), and the MAFCO Defendants filed their opposition to plaintiffs' objections (D.I. 396).

---

[1] All "D.I." references herein are to the docket for Civil Action No. 97-586 (KAJ).

6.    On or about September 9, 2003, the Trustees executed a resolution extending the term of the Trust for five years, through and including October 1, 2008. On September 16, 2003, the Trustees moved for an order approving the extension of the term of the Trust for a period of five years, through and including October 1, 2008. On October 6, 2003, the Court granted the motion to the extent that it approved the extension of the term of the Trust for a period of two years from October 1, 2003 through and including October 1, 2005. A copy of the October 6, 2003 order is attached as Exhibit 3.

7.    On February 18, 2004, the Court issued a Memorandum Order adopting the Magistrate Judge's Report. (D.I. 404.) On June 9, 2004, the Court entered a final judgment. (D.I. 417.) On June 23, 2004, plaintiffs filed a timely notice of appeal. (D.I. 405, 420.)

8.    On July 12, 2005, the Court of Appeals (a) reversed the grant of summary judgment in favor of defendants on the Trustees' unjust enrichment claims, (b) reversed the grant of summary judgment in favor of defendants on the Trustees' damage claims with respect to the issuance of notes by Marvel (Parent) Holdings Inc. and Marvel III Holdings Inc., (c) affirmed the summary judgment in favor of defendants on the Trustees' damage claim with respect to the issuance of notes by Marvel Holdings Inc., (d) affirmed the District Court's denial of partial summary judgment in favor of the Trustees, and (e) remanded the Action to the District Court for trial on the Trustees' unjust enrichment claims as to all three tranches of notes, and on the Trustees' damage claims as to the second and third tranches. (D.I. 422.) On August 15, 2005, the Court of Appeals issued a mandate in the form of a certified judgment dated July 12, 2005. (D.I.

423.) On September 9, 2005, following remand, this Court scheduled a trial in the Action to commence on October 10, 2006.

## Jurisdiction

9.  Section 7.01 of the Plan provides that the Court shall have jurisdiction over the Trust and to determine disputes arising under the Trust Agreement. Section 14.1 of the Plan provides that the Court may retain jurisdiction, *inter alia*, (i) over proceedings relating to the claims asserted in the Action; (ii) over matters relating to the extent, scope and effect of the Trust Agreement; (iii) over matters concerning the Trust; (iv) to issue such orders in aide of the execution of the Plan; and (v) to consider any amendments or modifications to the Plan. In paragraph 28 of the Confirmation Order, the Court specifically retained jurisdiction over those matters set forth in section 14.1 of the Plan. In addition, section 12.01 of the Trust Agreement provides that the Court shall have jurisdiction to determine all controversies and disputes related to the Trust, the Trustees and the remaining Trust Assets, including all controversies and disputes arising under or in connection with the Trust Agreement.[2]

## Relief Requested

10.  Section 4.01 of the Trust Agreement provides that "[t]he existence of the Trust shall terminate five (5) years after the date hereof, provided, however, that the MAFCO Litigation Trustees may extend the term of this MAFCO Litigation Trust,

---

[2] This case was closed by final decree of the Court dated June 29, 2004. To the extent necessary, the Court has the power pursuant to 11 U.S.C. § 350(b) and Fed. R. Bank. P. 5010 to re-open the case for the limited purpose of granting the instant motion. *See Donaldson v. Bernstein*, 104 F.3d 547, 552 (3d Cir. 1997); *In re Doty*, 129 B.R. 571, 579-80 (Bankr. N.D. Ind. 1991).

provided that they receive District Court approval of such extension for good cause within six (6) months from the beginning of the extended term." A copy of the Trust Agreement is attached as Exhibit 4.

11. As discussed above, the Court previously approved an extension of the term of the Trust for two years, through and until October 1, 2005. Given that the trial is scheduled to commence on October 10, 2006, the Trustees have determined that a further extension of the term of the Trust is necessary. Accordingly, they have executed a resolution which extends the term of the Trust for three years through and including October 1, 2008 (the "Resolution"). A copy of the Trustees' Resolution is attached as Exhibit 5.

12. Section 105(a) of the Bankruptcy Code grants courts broad authority and discretion to take such actions and implement such procedures as are necessary to enforce the provisions of the Bankruptcy Code. Specifically, section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

13. The Trustees require an extension of the term of the Trust so that they can fulfill their duties under the Trust Agreement. Moreover, the Trustees have requested the Court's approval before the term of the Trust has expired, and within the time period set forth in the Trust Agreement.

WHEREFORE, for all of the foregoing reasons, the Trustees respectfully request that the Court:

    a)     grant the motion of the Trustees;

    b)     extend the term of the MAFCO Litigation Trust from October 1, 2005, through and including October 1, 2008; and

    c)     grant such other and further relief as the Court deems just and proper.

Dated: September 28, 2005
       Wilmington, Delaware

ASHBY & GEDDES

/s/ Tiffany Geyer Lydon
Lawrence C. Ashby (I.D. 468)
Philip Trainer, Jr. (I.D. 2788)
Tiffany Geyer Lydon (I.D. 3950)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19899
(302) 654-1888

-and-

FRIEDMAN KAPLAN SEILER &
  ADELMAN LLP
Edward A. Friedman
Andrew W. Goldwater
Daniel B. Rapport
Emily A. Stubbs
1633 Broadway
New York, New York 10019
(212) 833-1100

*Attorneys for Ronald Cantor, Ivan Snyder, and James A. Scarpone, Trustees of the MAFCO Litigation Trust.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
)
In re )
)
MARVEL ENTERTAINMENT GROUP, INC. et al., )  Civil Action No. 97-638 (KAJ)
)
Debtors. )
)
---------------------------------------------------------------x

**ORDER APPROVING THE EXTENSION
OF THE TERM OF THE MAFCO LITIGATION TRUST**

Upon consideration of the motion by Ronald Cantor, Ivan Snyder and James A. Scarpone, the Trustees of MAFCO Litigation Trust, for an order approving the extension of the term of the MAFCO Litigation Trust (the "Trust"), and the papers filed in opposition; and it appearing that good cause exists for extending the term of the Trust; and due and proper notice of the motion having been given;

IT IS HEREBY ORDERED THAT:

1. The motion is granted.

2. The Court approves the extension of the term of the Trust for a period of three (3) years from October 1, 2005, through and including October 1, 2008.


Dated: _____, 2005    _____
                                                                      Hon. Kent A. Jordan
                                                                      United States District Judge

386408.2

## CERTIFICATE OF SERVICE

I, Tiffany Geyer Lydon, hereby certify that on the 28th day of September, 2005, I caused a true and correct copy of the foregoing to be served upon the persons or entities indicated below in the manner indicated.

/s/ Tiffany Geyer Lydon
Tiffany Geyer Lydon (I.D. #3950)

**BY FIRST CLASS MAIL:**

James L. Patton, Jr., Esq.
Brendan Linehan Shannon, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Bldg.
1000 West St., 17th Floor
Wilmington, DE  19801

Norman L. Pernick, Esq.
Saul Ewing LLP
222 Delaware Avenue, #1200
Wilmington, DE  19801

David B. Stratton, Esq.
Pepper Hamilton
1313 Market Street, Suite 5100
Wilmington, DE  19801

Michael B. Joseph, Esq.
Ferry Joseph & Pearce PA
824 Market Street, Suite 904
Wilmington. DE  19801

William A. Hazeltine, Esq.
Potter Anderson & Corroon, LLP
1313 North Market Street
Wilmington, DE  19801

Neal J. Levitsky, Esq.
Fox Rothschild LLP
919 Market Street, Suite 1300
Wilmington, DE  19801

| | |
|---|---|
| Joanne B. Wills, Esq.<br>Klehr Harrison Harvey Branzburg & Ellers<br>Suite 1000, Mellon Center<br>919 Market Street<br>Wilmington, DE  19801 | Mark D. Collins, Esq.<br>Richards, Layton & Finger<br>One Rodney Square<br>1920 North King Street<br>Wilmington, DE  19801 |
| Collin J. Seitz, Jr., Esq.<br>Jeffrey C. Wisler, Esq.<br>Connolly Bove Lodge & Hutz<br>1007 Orange Street<br>Wilmington, DE  19801 | |
| Eric D. Schwartz, Esq.<br>Morris Nichols Arsht & Tunnell<br>1201 Market Street<br>Wilmington, DE  19801 | Teresa K.D. Currier, Esq.<br>Adam Landis, Esq.<br>Klett Rooney Lieber & Schorling<br>1000 West Street, Suite 1410<br>Wilmington, DE  19801 |
| United States Trustee<br>844 King Street, Suite 2313<br>Lockbox 35<br>Wilmington, DE  19801 | Anthony Clark, Esq.<br>Skadden Arps Meagher & Flom<br>One Rodney Square<br>Wilmington, DE  19801 |
| Harvey Miller, Esq.<br>Weil, Gotshal & Manges<br>767 Fifth Avenue<br>New York, NY  10153 | David Fleischer, Esq.<br>Lawrence Mittman, Esq.<br>Paul Hastings Janofsky &Walker LLP<br>75 East 55th Street<br>New York, NY  10022 |
| Steven M. Schultz, Esq.<br>Kleinberg Kaplan Wolff & Cohen<br>551 Fifth Avenue, 18th Floor<br>New York, NY  10176 | Edward S. Weisfelner, Esq.<br>Brown Rudnick Berlack Israels LLP<br>120 West 45th Street<br>New York, NY  10036 |

| | |
|---|---|
| James E. Spiotto, Esq.<br>Chapman & Cutler<br>111 West Monroe Street<br>Chicago, IL 60603 | Tonny Ho, Esq.<br>Francis Menton, Esq.<br>Willkie Farr & Gallagher<br>787 Seventh Avenue<br>New York, NY 10019-6099 |
| Thomas E. Lauria, Esq.<br>White & Case<br>200 S. Biscayne Boulevard<br>Suite 4900<br>Miami, FL 33131 | Douglas Liebhafsky, Esq.<br>Wachtell Lipton Rosen & Katz<br>51 West 52nd Street<br>New York, NY 10019 |
| Alan Lipson<br>Marvel Entertainment Group, Inc.<br>387 Park Avenue South<br>New York, NY 10016 | Stephen W. Spence, Esq.<br>Phillips Goldman & Spence, P.A.<br>1509 Highway One<br>Dewey Beach, DE 19971 |
| David W. Dykhouse, Esq.<br>Patterson, Belknap, Webb & Tyler LLP<br>1133 Avenue of the Americas<br>New York, NY 10036 | Jeffrey D. Prol. Esq.<br>Lowenstein Sandler, PC<br>65 Livingston Avenue<br>Roseland, NJ 07068 |
| Gary Schildhorn, Esq.<br>Adelman Lavine Gold & Levin<br>Two Penn Center Plaza, Ste. 1900<br>Philadelphia, PA 19102 | Robert E. Zimet, Esq.<br>Skadden Arps Slate Meagher & Flom<br>919 Third Avenue<br>New York, NY 10022-3897 |
| Jeffrey W. Levitan, Esq.<br>Proskauer, Rose, Goetz & Mendolsohn<br>1585 Broadway<br>New York, NY 10036-8299 | Richard S. Toder, Esq.<br>Morgan Lewis & Bockius<br>101 Park Avenue<br>New York, NY 10178 |
| Frank J. Vecchione, Esq.<br>Gibbons, Del Deo, Dolan,<br>   Griffinger & Vecchione<br>One Riverfront Plaza<br>Newark, NJ 07102-5497 | Susan Power Johnston, Esq.<br>Covington & Burling<br>1330 Avenue of the Americas<br>New York, NY 10019 |

161837.1

386408.2                                3