# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

In re

MARVEL ENTERTAINMENT GROUP, INC.,
THE ASHER CANDY COMPANY, FLEER
CORP., FRANK H. FLEER CORP.,
HEROES WORLD DISTRIBUTION, INC.,
MALIBU COMICS ENTERTAINMENT, INC.,
MARVEL CHARACTERS, INC., MARVEL
DIRECT MARKETING INC., and
SKYBOX INTERNATIONAL, INC.,

Case No. 97-638-RRM

Debtors.

CONSENT ORDER (1) APPROVING  STIPULATION AND
AGREEMENT  EFFECTING  CONSENSUAL  AMENDMENT  TO
THIRD AMENDED JOINT PLAN OF REORGANIZATION PROPOSED
BY THE SECURED LENDERS AND TOY BIZ, INC., (2) CONFIRMING
FOURTH AMENDED JOINT  PLAN OF REORGANIZATION  PROPOSED BY
THE SECURED LENDERS AND TOY BIZ, INC., AND (3) ESTABLISHING  BAR
FOR FEE APPLICATIONS AND ADMINISTRATION EXPENSE CLAIMS

The Secured Lenders* and Toy Biz, Inc. (together, the "Proponents") having

proposed that certain Third Amended Joint Plan of Reorganization dated June 25, 1998

(the "Third Amended Plan") under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code") in the jointly administered chapter 11 cases of the above-captioned

debtors (together, the "Debtors"); and the Creditors Committee, the Equity Committee, High

---

\* All capitalized terms used and not defined herein shall have the same meaning as in
the Fourth Amended Plan (as hereinafter defined).

Case 1:97-cv-00638-KAJ  Document 1931-8  Filed 09/28/2005  Page 2 of 22

River, Westgate and LaSalle having each objected to confirmation of the Third Amended Plan;
and the Court having held a hearing on June 30 and July 1, 1998 to consider confirmation of
the Third Amended Plan; and the Court having issued a Memorandum Decision and entered an
order each dated July 13, 1998 confirming the Third Amended Plan (collectively, the "Third
Amended Plan Confirmation Order"); and the Creditors Committee, the Equity Committee,
High River, Westgate and LaSalle having each filed a notice of appeal from the Third
Amended Plan Confirmation Order or indicated their intention to file notices of appeal from
the Third Amended Plan Confirmation Order; and Toy Biz, Isaac Perlmutter, Isaac Perlmutter
T.A., Zib Inc., Avi Arad, Joseph M. Ahearn, James S. Carluccio, Alan Fine, James F.
Halpin, Morton E. Handel, Alfred A. Piergallini, Donald E. Rosenblum, Paul R. Verkuil,
Mark Dickstein, Dickstein & Co. L.P., Dickstein Focus Fund, L.P., Dickstein International
Limited, Dickstein Partners L.P. and Dickstein Partners Inc., John J. Gibbons (the "Trustee")
solely in his capacity as chapter 11 trustee for the above-captioned debtors (collectively, the
Debtors") on behalf of himself and the Debtors, Chase individually and on behalf of those
holders of Senior Secured Claims which authorize Chase to sign the Stipulation and Agreement
(as hereinafter defined) on their behalf pursuant to the Fifth Master Agreement Amendment (as
defined in the Stipulation and Agreement), Chase as a DIP Lender, CIBC, Inc. as a DIP
Lender, Goldman Sachs Credit Partners L.P. as a DIP Lender, Lehman Commercial Paper
Inc. as a DIP Lender, The Long Term Credit Bank of Japan, Ltd., Los Angeles Agency as a
DIP Lender, The Sumitomo Bank, Limited as a DIP Lender, High River, Carl Icahn,
Westgate, Vincent Intrieri, LaSalle, the Official Committee of Unsecured Creditors for the
Debtors and the Official Committee of Equity Security Holders for Entertainment having each

executed and delivered a Stipulation and Agreement Effecting Consensual Amendment to Third

Amended Joint Plan of Reorganization Proposed by the Secured Lenders and Toy Biz, Inc.

(the "Stipulation and Agreement") which provides, *inter alia*, for the Proponents to resolve the

objections of the Creditors Committee, the Equity Committee, High River, Westgate and

LaSalle by modifying the Third Amended Plan by proposing a Fourth Amended Joint Plan of

Reorganization Proposed by the Secured Lenders and Toy Biz, Inc. (the "Fourth Amended

Plan")which is an Exhibit to the Stipulation and Agreement; the Court hereby finds that:

     A.    This order is entered pursuant to 11 U.S.C. §1127 and Fed. R. Bankr. P.

3019. The Court has jurisdiction to enter this order pursuant to 28 U.S.C. §§ 157 and 1334.

Venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

     B.    The notice given with respect to the Stipulation and Agreement and Fourth

Amended Plan was adequate and appropriate and satisfies the requirements of applicable law,

including the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure including any

notice required by Fed. R. Bankr. P. 3019.

     C.    The Stipulation and Agreement, including without limitation, the releases

contained therein, (1) is in the best interests of the Debtors, the Debtors' estates and holders of

Claims against and Equity Interests in the Debtors, (2) is fair, reasonable, adequate and

appropriate in light of the costs, expenses and delays in connection with the contemplated

appeals from Third Amended Plan Confirmation Order including, without limitation, those

provisions of the Third Amended Plan Confirmation Order relating to the Claims of LaSalle, (3)

is a reasonable exercise of the business judgment of all of the parties to the Stipulation and

Agreement. (4) is the result of arms length, good faith bargaining, and (5) is a reasonable exercise of the duties of LaSalle under the Indentures.

D.   The Fourth Amended Plan does not materially and adversely modify the distributions, rights or treatment of holders of Unsecured Claims from that which was provided to the holders of Unsecured Claims by the Third Amended Plan and adequate notice of the Stipulation and Agreement and the Fourth Amended Plan was provided pursuant to Fed. R. Bankr. P. 3019.

IT IS, THEREFORE, HEREBY ORDERED, ADJUDGED and DECREED THAT:

1.   The findings set forth above and conclusions of law herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.  To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

Provisions Relating to Stipulation and Agreement

2.   The Stipulation and Agreement be, and it hereby is, approved in all respects.

3.   The Stipulation and Agreement be, and it hereby is, determined to be a valid and binding agreement enforceable against all parties to the Stipulation and Agreement, the Debtors and all parties in interest and all of their successors and assigns.

-4-

4.    The releases contained in Section 13 of the Stipulation and Agreement be, and they hereby are, determined to be valid, binding and enforceable in accordance with their terms.

5.    Neither this order, the Stipulation and Agreement, nor any proceedings taken pursuant hereto or thereto shall be offered or received as evidence of a presumption, concession or admission of any liability, fault, wrongdoing or other dereliction of duty on the part of any party to the Stipulation and Agreement; provided, however, that reference may be made to this order and the Stipulation and Agreement in such proceedings as may be necessary to effectuate the provisions thereof

6.    In the event of the termination of the Stipulation and Agreement pursuant to Section 8 thereof, neither this order, the Stipulation and Agreement, nor any proceedings taken pursuant hereto or thereto shall constitute any waiver, estoppel or admission by any party thereto with respect to any rights or remedies it may possess, nor shall any complaint, action or claim by any party be barred or precluded. In the event of such termination, the entry into the Stipulation and Agreement by the parties thereto shall be deemed to have been without prejudice and a settlement negotiation within the scope of Fed. R. Ev. 408.

7.    This Court shall retain jurisdiction over all persons or entities whose claims or interests are affected by the Stipulation and Agreement and this order and all matters relating to the enforcement, administration and consummation of the transactions contemplated by the Stipulation and Agreement and this order.

## Provisions Relating to Fourth Amended Plan

8.   Pursuant to Fed. R. Bankr. P. 3019 the holders of Unsecured Claims in classes 4A through 4I that have voted to accept the Second Amended Joint Plan of Reorganization Proposed By the Secured Lenders and Toy Biz, Inc. be, and they hereby are, deemed to have accepted the Fourth Amended Plan.

9.   The Third Amended Plan Confirmation Order, be, and it hereby is, modified and superceded to reflect the provisions of this order; provided, however, that the ten (10) day period referred to in the definition of Qualifying Transaction contained in the Fourth Amended Plan shall commence as of the date of entry of the Third Amended Plan Confirmation Order.

10.   The Fourth Amended Plan (including all Exhibits and Schedules thereto) is confirmed in accordance with section 1129 of the Bankruptcy Code and supercedes the Third Amended Plan and each of the provisions of the Fourth Amended Plan, including without limitation the provisions of Sections 7.7 and 12.2, be, and they hereby are, approved in all respects and all references herein to the "Fourth Amended Plan" shall be construed to mean a "Modification of the Third Amended Plan" pursuant to section 1127(b) of the Bankruptcy Code.

11.   From and after the date hereof, the Debtors, the Trustee, the Proponents and all parties in interest are authorized and directed to implement the Fourth Amended Plan in accordance with its terms and to take such actions as may be reasonably necessary to effectuate the Fourth Amended Plan.

12.   From and after the Confirmation Date, the Debtors, the Trustee, the Proponents and all parties in interest are authorized and directed to execute and deliver such documents and instruments as are necessary or desirable to implement the Fourth Amended Plan in accordance with its terms and within the time periods provided therein.

13.   The Convertible Preferred Stock Purchase Agreement shall be entered into as of the Confirmation Date, and shall constitute a legal, valid and binding agreement enforceable against the parties thereto in accordance with its terms on such date. As of the Consummation Date, the Fourth Amended Plan and each of the exhibits thereto and each of the documents or instruments prepared by the Proponents in order to effectuate the terms of the Fourth Amended Plan, including but not limited to the Fourth Amended Plan exhibits (collectively, the "Plan Documents") shall constitute legal, valid and binding agreements, documents or instruments, enforceable against the parties thereto in accordance with their terms. Insofar as any of the Plan Documents require the participation of one or more of the Debtors or the Trustee, such Plan Documents shall be deemed to have been duly authorized, executed and delivered by the Debtors and the Trustee, as applicable.

14.   By operation of section 1145(a) of the Bankruptcy Code, none of Section 5 of the Securities Act, or any State or local law requiring registration for offer or sale of a security or registration or licensing of an issuer of, underwriter of or broker or dealer in a security shall apply to the issuance, offer, transfer or sale under the Fourth Amended Plan of Newco Common Stock,  New Panini Securities (if applicable), Convertible Preferred Stock (other than Convertible Preferred Stock sold pursuant to Section 4.2(b)(i)(A)(6) or Section 6.5 of the Fourth Amended Plan) or subordinated notes issued in exchange therefor under Article

VII of the Newco Certificate of Incorporation, Warrants, beneficial interests in the Avoidance Litigation Trust, beneficial interests in the MAFCO Litigation Trust, Newco Common Stock issuable on the exercise of Plan Warrants, Stockholder Series A Warrants, and Stockholder Series C Warrants, Convertible Preferred Stock issuable on the exercise of the Stockholder Series B Warrants and subordinated notes issued in exchange for such shares of Convertible Preferred Stock under Article VII of the Newco Certificate of Incorporation, or Newco Common Stock issuable on conversion of any of the foregoing shares of Convertible Preferred Stock. All securities referred to in this paragraph 14 (other than Convertible Preferred Stock sold pursuant to Section 4.2(b)(i)(A)(6) or Section 6.5 of the Fourth Amended Plan) will be deemed to have been sold in a public offering within the meaning of section 1145(c) of the Bankruptcy Code and shall be freely transferable, subject to any restriction on transfer contained in the terms of such stock, debt securities and warrants themselves or in the Plan Documents.

15.   Pursuant to Section 4(2) of the Securities Act, none of Section 5 of the Securities Act or any State or local law requiring registration for offer or sale of a security shall apply to the offer and sale of Convertible Preferred Stock by Newco to New Investors or to the offer and issuance of the Excess Administration Claims Note by Newco to Zib Inc. The Excess Administration Claims Note is exempt from the requirements of the Trust Indenture Act of 1939 pursuant to Section 304(b) of the Trust Indenture Act.

16.   The reversal, modification, vacatur or stay of any provision of this Confirmation Order shall not affect the consummation of the transactions contemplated by the Fourth Amended Plan or the distributions of Cash and distributions or issuance of any security,

-8-

including but not limited to, Newco Common Stock (including Newco Common Stock issuable upon exercise of Warrants or upon conversion of Convertible Preferred Stock), Convertible Preferred Stock (including Convertible Preferred Stock issuable upon the exercise of Warrants), Warrants, and interests as a Beneficiary of the Avoidance Litigation Trust or the MAFCO Litigation Trust thereunder (if effected prior to the receipt of written notice by counsel to Toy Biz and the Secured Lenders of such reversal, modification, vacatur or stay) or the right of persons and entities to or on behalf of whom such Cash and other distributions, including stock, debt securities and warrants were made, to retain the same. Distributees shall be entitled to all the rights, remedies, privileges and benefits granted herein or in the Fourth Amended Plan or Plan Documents without regard to any such reversal, modification, vacatur or stay if the merger is consummated or the distributions made prior to the receipt of such written notice of the effective date thereof. The cash deposited in the cash reserve trust account pursuant to Sections 8.6 and 9.3 of the Fourth Amended Plan and the reserves created on account of Disputed Claims in Class 4 are deemed distributed within the meaning of this paragraph upon such deposits in the trust accounts

17. On the Consummation Date, pursuant to section 365 of the Bankruptcy Code, all executory contracts and unexpired leases of the Debtors shall be assumed, except for any executory contract or unexpired lease that (a) has been assumed or rejected pursuant to Final Order, or (b) is specifically rejected on Schedule 10.1 to the Third Amended Plan, which schedule was filed with the Court on June 25, 1998 as amended on June 29, 1998 or as further amended.

18.  All executory contracts and unexpired leases of the Debtors listed on Schedule 10.1 (as amended) shall be deemed rejected as of the Consummation Date, and any claim for rejection damages arising therefrom must be filed with the Court and served upon counsel to the Proponents by or before thirty days from and after the date of this order. Any such claim that is not timely and properly served and filed shall be and hereby is forever barred, as set forth in Section 10.3 of the Fourth Amended Plan.

19.  Any executory contract or unexpired lease of the Debtors that is not listed on Schedule 10.1 (as amended) and has not been rejected prior to the date of this order and is not the subject of a pending motion to reject shall be assumed, as set forth in Section 10 of the Third Amended Plan.  Notice of the deadline for the filing of a claim asserting a "cure" amount pursuant to section 365 (b) of the Bankruptcy Code will be provided as part of the notice of deadline for the filing of Administration Expense Claims set forth in paragraphs 32 and 33 below.  Any such claim that is not timely and properly served and filed shall be, and hereby is, forever barred, as set forth in those paragraphs.

20.  The treatment of all Claims against or Equity Interests in each of the Debtors under the Fourth Amended Plan shall be in exchange for and in complete satisfaction, discharge and release of all Claims against and any Equity Interest in such Debtor of any nature whatsoever, known or unknown, including without limitation, any interest accrued or expenses incurred thereon from and after the Petition Date, or against its estate or properties or interests in property.  All entities shall be enjoined and precluded from asserting against the Trustee, any Debtor, Reorganized Debtor or Newco or their respective properties or interests,

-10-

any other Claims based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Consummation Date

      21.   From and after the Consummation Date, no Exculpated Person shall have or incur any liability to any other Exculpated Person or any entity accepting any distribution under the Fourth Amended Plan (i) for any act taken or omission made in connection with or in any manner related to negotiating, formulating, implementing, confirming or consummating (x) the Fourth Amended Plan (or prior iterations of the Fourth Amended Plan) or the transactions contemplated thereby, or (y) any agreement, instrument or other documents created in connection with the Fourth Amended Plan (or prior iterations of the Fourth Amended Plan), (ii) for the actions or other participation of such Exculpated Person in respect of any of the Reorganization Cases (including, without limitation, the negotiation of any other plan of reorganization, settlement or arrangement), (iii) that relates, directly or indirectly, by implication or otherwise, to the Existing Credit Documents, the DIP Claims, or the Senior Secured Claims, (iv) for any matters that relate, directly or indirectly, to or were asserted in or could have been asserted in the District Court Complaint, or (v) for any matters that relate, directly or indirectly, to or were asserted in or could have been asserted in the LaSalle Action; provided, however, that such exculpation shall not affect the rights and obligations of parties to agreements entered into in connection with or under the Fourth Amended Plan. All Exculpated Persons as well as all entities receiving any distribution under the Fourth Amended Plan shall be enjoined and precluded from asserting against the Exculpated Persons or their respective properties or interests in property, any other Claims based upon liability exculpated

pursuant to the preceding sentence; provided, however, that nothing contained in this paragraph 21 shall be construed as enjoining the prosecution of Independent Causes of Action.

22. *Subject to section 7.7 of the Plan,* From and after the Consummation Date, all persons and entities, including but not limited to defendants or potential defendants in controversies in connection with, arising out of, or which are in any way related to any Litigation Claim or Covered Claim, either directly, representatively, or in any other capacity, are enjoined from instituting or prosecuting or continuing to prosecute, any action, claim, or claim-over against any Exculpated Person on whatsoever theory (whether by way of third or subsequent-party complaint, cross-claim, separate action or otherwise, and whether under federal, state or local law) to recover in whole or in part any liability, direct or indirect, of such person or entity in connection with, arising out of, or which is in any way related to any Litigation Claim or Covered Claim; provided, however, that nothing contained in this paragraph 22 shall be construed as enjoining the prosecution of Independent Causes of Action.

23. The delivery of the Transmittal Materials to all persons and entities receiving Warrants under the Fourth Amended Plan is hereby approved.

24. On the Consummation Date, in accordance with section 1141 of the Bankruptcy Code, the transfers of rights, interests and properties by and on behalf of the Debtors as contemplated by the Fourth Amended Plan (including the transfer contemplated by the merger) shall be and hereby are legal, valid, binding and effective transfers of such rights, interests and properties, (b) shall vest good title in the transferees thereof, and (c) shall be free and clear of all Claims, Liens and encumbrances, except as expressly provided in the Plan Documents (including the liens securing the Newco Guaranty); provided, however, that neither

-12-

the succession by the MAFCO Litigation Trustee to an interest in certain evidentiary privileges and immunities pursuant to Section 7.1(b) of the Fourth Amended Plan nor the operation of Section 2.04 of the MAFCO Litigation Trust Agreement shall constitute a waiver of any such privilege or immunity.

25. Newco is appointed as Disbursing Agent under the Fourth Amended Plan, and the Disbursing Agent is authorized and directed to effect any and all actions contemplated to be taken by it under the Fourth Amended Plan. The Disbursing Agent be, and it hereby is, authorized and directed to comply with Section 8 of the Fourth Amended Plan.

26. The securities issued upon the exercise of any Warrant shall be deemed to have been sold in a public offering and shall be freely transferable.

27. The Excess Administration Claims Note is exempt from the requirements of the Trust Indenture Act of 1939 pursuant to Section 4(2) of the Securities Act (per Regulation D) and pursuant to Section 304(b) of the Trust Indenture Act.

28. Until the Consummation Date, this Court shall retain exclusive jurisdiction over the Debtors, their properties and operations. On the Consummation Date, in accordance with the Fourth Amended Plan and sections 105(a) and 1142 of the Bankruptcy Code, the Debtors, their properties and their operations shall be released from the custody and jurisdiction of the Court, except that the Court shall retain jurisdiction of those matters set forth in Section 14.1 of the Fourth Amended Plan.

29. Any person or entity seeking reimbursement of expenses or an allowance of final compensation or reimbursement of expenses for professional services rendered to the Debtors, the chapter 11 trustee, the official committees appointed in these cases or in relation

-13-

to the Reorganization Cases under sections 327, 328, 330, 331, 503(b) and 1103 of the Bankruptcy Code, shall file and serve an application for allowance of final compensation for services rendered and reimbursement of expenses incurred on or before the Consummation Date in or in connection with the Reorganization Cases (each, an "Application"), on each of the persons entitled to notice pursuant to this Court's Case Management Order, on or before forty-five days after the Consummation Date.

30. Each Application shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, United States Trustee Guidelines and the orders of this Court in these cases, and shall set forth, among other things, in reasonable detail, (a) the name and address of the applicant; (b) the nature of the professional or other services rendered and expenses for which reimbursement is requested for all periods from the date the particular applicant was retained through the Consummation Date; (c) the amount of compensation and reimbursement of expenses requested; (d) whether any payments have been received on account and, if so, the amount or amounts thereof; (e) the amount of any success fee or premium requested and the basis therefor; and (f) the amounts of compensation and reimbursement of expenses previously allowed by this Court, or the Bankruptcy Court, if any.

31. Counsel for Toy Biz are directed to serve, no more than twenty (20) days after the deadline for the filing of fee applications, upon all persons entitled to notice pursuant to the Case Management Order, a notice setting forth the amount of fees and disbursements requested by each applicant who filed an Application, a deadline for filing objections thereto and the date, time and place of the hearing to consider the Applications and objections.

-14-

Objections, if any, to any Application shall be in writing, shall set forth with specificity the basis of the objection, shall state whether the objector is a holder of a Claim against or Equity Interest in the Debtors, and shall be served on the applicant whose Application is the subject of the objection and on the parties entitled to notice pursuant to paragraph 34 hereof by first class mail, personal service or express overnight delivery, and be filed with the Court so as to be received at least five Business Days prior to any hearing scheduled by this Court with respect thereto.

32.   Within ten (10) Business Days after the Consummation Date, or within such further time as this Court may allow, Newco (or its authorized representative) is directed to mail to all known  holders of Claims and Equity Interests and all persons and entities that have filed notices of appearance in these cases as of the date of this order notice of the entry of this order, notice of the name and address of the Litigation Trustees so that any Beneficiary may communicate with the Litigation Trustees about changes of address or other matters, and notice of the deadlines for filing Administration Expense Claims and claims for "cure" amounts.  Notice of the entry of this order and of such deadlines shall also be published once in The Wall Street Journal (national edition), within ten (10)  Business Days after the Consummation Date.

33.   The deadline for filing Administration Expense Claims  and claims for "cure" amounts against the Debtors, their estates or properties, exclusive of fee claims pursuant to paragraph 29 hereof and Administration Expense Claims incurred in the ordinary course of business, shall be sixty (60) days after the Consummation Date, at 5:00 p.m. Delaware time. The proofs of claim for Administration Expense Claims and "cure" amounts

-15-

must be filed with this Court and received by counsel to Toy Biz by or before that date and time, or the Debtors, the Reorganized Debtors, Newco and the property of same shall have no liability with respect to such Claims.

34.  Unless otherwise provided in this Confirmation Order or the Plan Documents, any notice provided in these cases after the Consummation Date shall be limited to (a) entities directly affected by the relief requested, (b) counsel to Toy Biz, (c) counsel to the Secured Lenders, and (d) counsel to the Trustee; provided, however, that notice of objections to claims and responses thereto shall also be provided to counsel to the Creditors Committee.

35.  Notwithstanding anything else contained herein to the contrary, any person or entity entitled to receive distributions pursuant to the Fourth Amended Plan may, at any time during the thirty (30) days following the Consummation Date, notify the Disbursing Agent and Newco c/o Battle Fowler LLP, 75 East 55th Street, New York, New York 10021, attention: Douglas L. Furth in writing that it will not accept such distributions and such person or entity will no longer be bound by the provisions of Section 12.2(b) of the Fourth Amended Plan.

36.  The provisions of this Confirmation Order are integrated with each other and are non-severable and mutually dependent.

37.  On the Consummation Date, all committees appointed in the Reorganization Cases pursuant to section 1102 of the Bankruptcy Code are dissolved except to the extent otherwise provided in Section 6.16 of the Fourth Amended Plan.

38. On the Consummation Date, John J. Gibbons shall be, and he hereby is, terminated and discharged as Trustee for the Debtors pursuant to section 1105 of the Bankruptcy Code. Notwithstanding the foregoing, the Trustee shall complete all required reports concerning his activities as Trustee and may continue to retain any professional previously retained by him in order to assist him in completing such reports. Newco may, in its sole and absolute discretion, retain any professionals retained by the Trustee in order to perform services for Newco and such retention shall in no way prejudice the right of such professional to be compensated for services rendered to the Trustee

Dated:     Wilmington, Delaware
           July 31, 1998


           _____
           UNITED STATES DISTRICT JUDGE


Consented and Agreed:

THE SECURED LENDERS

WACHTELL, LIPTON, ROSEN, KATZ
  Attorneys for the Secured Lenders
51 West 52nd Street
New York, NY 10019
(212) 403-1000

     -and-

RICHARDS, LAYTON & FINGER, P.A.
  Attorneys for the Secured Lenders
One Rodney Square
Wilmington, Delaware 19899
(302) 658-6541

-17-

By:_____


TOY BIZ, INC.

BATTLE FOWLER LLP
  Attorneys for Toy Biz, Inc.
75 East 55th Street
New York, NY 10022
(212) 856-7000


      -and-


PEPPER HAMILTON LLP
1201 Market Street
Wilmington, Delaware 19899
(302) 777-6500

By:_____


THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

WILLKIE FARR & GALLAGHER
  Attorneys for the Official Committee of Unsecured Creditors
787 Seventh Avenue
New York, NY 10019
(212) 728-8000


      -and-


FERRY & JOSEPH, P.A.
  Attorneys for the Official Committee of Unsecured Creditors
824 Market Street
Suite 904
P.O. Box 1351
Wilmington, DE 19899
(302) 575-1555


By:_____


-18-

JOHN J. GIBBONS, chapter 11 trustee for the Debtors

GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECCHIONE
  Attorneys for John J. Gibbons, the Chapter 11 Trustee
One Riverfront Plaza
Newark, NJ 07012
(973) 596-4500

        -and-

CONNOLLY, BOVE, LODGE & HUTZ
  Attorneys for John J. Gibbons, the Chapter 11 Trustee
1220 Market Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141


By:_____


THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS

ADELMAN LAVINE GOLD AND LEVIN,
  a Professional Corporation
  Attorneys for the Official Committee of Equity Security Holders
1900 Two Penn Center Plaza
Philadelphia, PA 19102-1799
(215) 568-7515


        -and-

DUANE, MORRIS & HECKSCHER
  Attorneys for the Official Committee of Equity Security Holders
1201 Market Street, Suite 1500
Wilmington, DE 19801
(302) 571-5560


By:_____


LASALLE NATIONAL BANK, AS SUCCESSOR INDENTURE TRUSTEE

CHAPMAN AND CUTLER
  Attorneys for LaSalle National Bank, as Successor Indenture Trustee
111 West Monroe Street
Chicago, IL 60603
(312) 845-3000


        -and-

-20-

KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP
  Attorneys for LaSalle National Bank, as Successor Indenture Trustee
919 Market Street, 10th Floor
Wilmington, DE 19801
(302) 426-1189

By:_____


HIGH RIVER LIMITED PARTNERSHIP AND
WESTGATE INTERNATIONAL L.P.

BERLACK, ISRAELS & LIBERMAN LLP
  Attorneys for High River Limited Partnership and Westgate
  International L.P.
120 West 45th Street
New York, NY 10036
(212) 704-0100

        -and-

PHILLIPS GOLDMAN & SPENCE, P.A.
  Attorneys for High River Limited Partnership and Westgate
  International L.P.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200

By:_____